UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>FAREED SEPEHRY-FARD©,<br><br>Defendant. | Case No. 22-cv-00628-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DENYING EX PARTE APPLICATION FOR STAY OF PROCEEDINGS**<br><br>[Re: ECF No. 27] |

Before the Court is Defendant Fareed Sepehry-Fard©'s (1) administrative motion to file documents under seal and (2) ex parte application for stay of all proceedings. *See* ECF No. 27. This is an unlawful detainer action removed from Santa Clara County Superior Court. Defendant seeks to seal his medical records from recent hospital visits indicating various medical issues. *See* Sealing Motion, ECF No. 27. Plaintiff does not oppose, and the time to file a response to Defendant's administrative motion has passed. *See* Civ. L.R. 7-11. Defendant further seeks to stay these proceedings for a minimum of six months so that his medical condition can stabilize. *See* Ex Parte Application, ECF No. 27. Defendant argues that deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See id.* at 5.

First, the Court considers Defendant's sealing motion. *See* ECF No. 27. Defendant seeks to seal medical records. Parties seeking to seal judicial records bear the burden of showing "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Courts routinely find that there are compelling reasons to seal confidential medical records under seal. *See, e.g.*, *Pratt v. Gamboa*, No. 17–CV–04375–LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020)

(collecting cases). Good cause appearing, the Court GRANTS Defendant's sealing motion.

Second, the Court considers Defendant's ex parte application to stay the proceedings. *See* ECF No. 27. Under Civil Local Rule 7-10, a party may file an ex parte motion "only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing," a citation to which must be included in the ex parte motion. Civ. L.R. 7-10. Defendant has not provided any such citation in his ex parte application. *See* ECF No. 27. Further, courts generally consider the following three factors when determining whether to stay a case: "[1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party must suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating the issues, proof, and questions of law which could be expected to result from the stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254–55 (1936)). Defendant removed this case to federal court for the third time after two prior failed attempts and immediately sought a stay. And Defendant has had the ability to file two other motions on February 8, 2022 (ECF Nos. 22, 23) evidencing his fitness to respond to the pending motion to remand. The Court finds that in these circumstances, the possible prejudice to Plaintiff from a stay and the orderly course of justice strongly favors denying Defendant's stay request. While the Court sympathizes with Defendant given his health condition, the Court does not find a stay warranted here.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's sealing motion is GRANTED; and
2. Defendant's ex parte application to stay the proceedings is DENIED.

**IT IS SO ORDERED.**

Dated: February 15, 2022

BETH LABSON FREEMAN
United States District Judge