UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>FAREED SEPEHRY-FARD©,<br><br>Defendant. | Case No. 22-cv-00628-BLF<br><br>**ORDER GRANTING MOTION TO REMAND AND FOR A PREFILING ORDER AS MODIFIED BY THE COURT**<br><br>[Re: ECF No. 14] |

Before the Court is Plaintiff U.S. Bank National Association's ("U.S. Bank") Motion to Remand this unlawful detainer action against Defendant Fareed Sepehry-Fard© to California state court and for a pre-filing order directing this Court's Clerk not to file any additional notice of removal of this case without prior approval of the Court's Chief Magistrate Judge. This case is the result of Defendant's third attempt to remove the state court action to the Northern District of California after the cases resulting from his prior two attempts were remanded, and the remand orders were affirmed by the Ninth Circuit. U.S. Bank argues that this case should be remanded based on the prior remand orders, the untimeliness of Defendant's notice of removal, the Court's lack of subject matter jurisdiction, and the Court's lack of jurisdiction under 28 U.S.C. § 1443. Further, U.S. Bank argues that the Court should issue a pre-filing order to screen further attempts by Defendant to remove this case, since Defendant has clearly been abusing the removal process to delay resolution of the unlawful detainer action against him. No opposition to the Motion was filed, and Defendant's deadline to file an opposition has passed. *See* Order, ECF No. 33.

Based on the below reasoning, the Court GRANTS U.S. Bank's Motion to Remand and GRANTS U.S. Bank's Motion for a Pre-Filing Order AS MODIFIED BY THE COURT.

## I. BACKGROUND

On August 10, 2017, U.S. Bank filed an unlawful detainer action—*U.S. Bank, National Association, as Trustee, etc. v. Fareed Sepehry-Fard©*, No. 17-CV-314286—against Defendant in Santa Clara Superior Court, alleging that U.S. Bank was entitled to possession of a property in Saratoga, California, of which Defendant was in unlawful possession following U.S. Bank's Three Day Notice to Quit in July 2017. *See* Request for Judicial Notice ("RJN"), ECF No. 15, Ex. A ¶¶ 1, 4–5, 8–10.[1] Defendant filed an answer to the complaint on September 20, 2017. *See U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF No. 9-2 at 17–19.

On December 21, 2017, Defendant removed the action to the Northern District of California, commencing Case No. 5:17–cv–7241 before Judge Van Keulen. On January 8, 2018, U.S. Bank moved to remand the case, and on February 1, 2018, Judge Van Keulen issued a Report and Recommendation to grant U.S. Bank's motion. *See U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF Nos. 9, 41. On February 7, 2018, this Court adopted Judge Van Keulen's Report and Recommendation and granted U.S. Bank's motion, citing (1) the untimeliness of Defendant's notice of removal, which Defendant filed more than 30 days after being served with the complaint in the state court action, 28 U.S.C. § 1446(b)(1); (2) the lack of federal question jurisdiction given that a single cause of action for unlawful detainer under state law was asserted; and (3) an amount in controversy substantially less than the $75,000 required for diversity jurisdiction. *See id.*, ECF No. 45. Defendant appealed the Court's remand order, and the Ninth Circuit affirmed on July 19, 2018. *See id.*, ECF No. 52.

On April 23, 2019, Defendant removed the action to the Northern District of California for the second time, commencing Case No. 5:19–cv–02181 before Judge Davila. Judge Davila remanded the case on April 25, 2019, holding that Defendant failed to show that removal was proper under 28 U.S.C. § 1443, particularly given that it was second attempt to remove the case pursuant to that section. *See U.S. Bank Nat'l Assoc. v. Sepehry-Fard©*, No. 5:19–cv–02181, ECF No. 12. Defendant again appealed, and on April 22, 2020, the Ninth Circuit again affirmed the remand order.

---

[1] U.S. Bank requests judicial notice of various in state and federal court. The Court hereby GRANTS U.S. Bank's request. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record.")

*See id.*, ECF No. 20.

On January 31, 2022, Defendant removed the action to the Northern District of California for the third time, commencing the above-captioned action. *See* ECF No. 1. U.S. Bank provides a declaration from counsel indicating that the state court action proceeded to trial on February 1, 2022. *See* Sullivan Decl., ECF No. 14-1 ¶ 4. Defendant presented his third notice of removal to the state court, and the court struck the notice of removal. *See id.* Trial proceeded until Defendant claimed to be suffering from a health problem and was taken to a hospital for emergency medical treatment. *See id.* Trial in the state court was rescheduled for March 21, 2022. *See id.*

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). However, the action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant must file a notice of removal within 30 days of being served of the state court complaint. 28 U.S.C. § 1446(b)(1).

## III. DISCUSSION

### A. Motion to Remand

U.S. Bank argues that the Court should remand this case because (1) it has already been remanded twice, and Defendant has not presented a "new and different" ground for removal; (2) Defendant's notice of removal was untimely filed; (3) the Court lacks subject matter jurisdiction; and (4) the Court cannot exercise jurisdiction under Section 1443. *See* Motion, ECF No. 14 at 5–9. The Court considers each issue in turn.

#### i. Prior Remands

"Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988). "[A] second removal petition based on the same grounds does

not 'reinvest' the court's jurisdiction." *Id.* (citation omitted). A second removal can only be appropriate "when subsequent pleadings or events reveal a new and different ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991).

U.S. Bank argues that Defendant does not disclose any "new and different" ground for removal, instead asserting federal question jurisdiction, which the Court previously found it did not have over the case. *See* Motion, ECF No. 14 at 5–6 (citing *U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF No. 45). The Court agrees. Defendant asserts (1) federal question jurisdiction; (2) diversity jurisdiction; and (3) 28 U.S.C. § 1443 as bases for removal. *See* Notice of Removal, ECF No. 1 at 1; Civil Cover Sheet, ECF No. 1-23. In its prior remand order, the Court found that there was no basis for removal on any of these grounds. *See U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF No. 45 at 3–5. Further, Defendant has failed to show that "subsequent pleadings or events [have] reveal[ed] a new and different ground for removal." *Kirkbrid*, 933 F.2d at 732. Accordingly, the Court finds that removal is improper based on the prior remand orders pertaining to this action.

### ii. Timeliness of the Removal

28 U.S.C. § 1446(b)(1) sets a 30-day time limit to file a notice of removal. The 30-day timing requirement is "mandatory." *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). "[A] timely objection to a late [notice of removal] will defeat removal." *Id.* An objection is timely if it is made within 30 days after filing of the notice of removal. 28 U.S.C. 1447(c).

U.S. Bank argues that (1) it raised a timely objection to Defendant's notice of removal and (2) Defendant's notice of removal was untimely. *See* Motion, ECF No. 14 at 6–7. The Court agrees. U.S. Bank filed its Motion on February 8, 2022—less than 30 days after Defendant's notice of removal was filed on January 31, 2022. *See* Motion, ECF No. 14. Accordingly, U.S. Bank's objection is timely. *See* 28 U.S.C. 1447(c). Further, the January 31, 2022 filing date of Defendant's notice of removal is over four years after service of the summons and the complaint in the original state court action, which took place no later than Defendant filed his answer on September 20, 2017. *See U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF No. 9-2 at 17–19. Therefore,

Defendant's notice of removal is untimely and must be remanded to state court for this reason alone. *See Fristoe*, 615 F.2d at 1212.

### iii. Lack of Subject Matter Jurisdiction

A court must remand the action if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction arises from the face of a well-pleaded complaint by a plaintiff, not the defenses or counterclaims alleged by a defendant. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985). In the Notice of Removal, Defendant indicates that this Court has federal question jurisdiction and diversity jurisdiction over this action. *See* Notice of Removal, ECF No. 1 at 1; Civil Cover Sheet, ECF No. 1-23.

U.S. Bank argues that the Court does not have federal question jurisdiction because U.S. Bank is asserting a single cause of action for unlawful detainer under California law. As indicated in its prior remand order, the Court agrees. *See U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF No. 45 at 3–4. The Court lacks federal question jurisdiction under 28 U.S.C. § 1331.

U.S. Bank further argues that the Court does not have diversity jurisdiction because while the per diem damage figure now adds up to more than $75,000 after years of Defendant's delay tactics, events after the suit begins do not affect diversity jurisdiction. *See* Motion, ECF No. 14 at 7–8. The Court agrees. Diversity jurisdiction requires an amount in controversy of at least $75,000. 28 U.S.C. § 1332. In unlawful detainer actions, "the damages are limited to the rental value of the property during the period of unlawful possession." *Wells Fargo Bank, NA v. Hunt*, No. 10–4965, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) (citing *Litton Loan Servicing*, No. 10–5478, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011)). The amount of damage sought in the Complaint is $97.50 per day "for each day from August 1, 2017 until entry of judgment in this action." RJN, ECF No. 15, Ex. A at 3. Since over four years have passed since the filing of the state court action, the per diem damage figure now adds up to more than $160,000. However, "whether § 1332 supplies subject-matter jurisdiction must be ascertained at the outset; events after the suit begins do not affect the diversity jurisdiction." *Yu v. Designed Learned, Inc.*, No. 3:15–cv–5345–LB, 2016 WL 7033978, at *4 (N.D. Cal. Dec. 2, 2016) (quoting *Johnson v.*

1  *Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004)). Since the Court previously found that the amount
2  in controversy requirement was not satisfied at the state court action's outset, the Court finds that it
3  lacks diversity jurisdiction under 28 U.S.C. § 1332(a). *See U.S. Bank Nat'l Assoc v. Sepehry-*
4  *Fard©*, No. 5:17–cv–7241, ECF No. 45 at 3.

Based on the above reasoning, the Court finds that it lacks subject matter jurisdiction over this action.

### iv. Lack of Jurisdiction Under Section 1443

28 U.S.C § 1443(1) "provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that 'cannot [be] enforce[d]' in the state courts." *Deutsche Bank Nat'l Trust Co. v. Young*, No. C-14-3170, 2014 WL 7336696, at *1 (N.D. Cal. Dec. 23, 2014) (citing 28 U.S.C. § 1443(1) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966)). A removal petition under § 1443(1) must satisfy a two-part test: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

U.S. Bank argues that Defendant cannot satisfy the second requirement, since no constitution, statute, or other formal expression of state law commands the state court to ignore Defendant's federal rights or prohibits him from enforcing those rights in state court. *See* Motion, ECF No. 14 at 8–9. The Court agrees. The Court found in its prior remand order that Defendant failed to show that Section 1443 provided a basis for removal, and Defendant has failed to raise any facts or arguments to change that outcome. *See U.S. Bank Nat'l Assoc v. Sepehry-Fard©*, No. 5:17–cv–7241, ECF No. 45 at 4–5.

### B. Pre-Filing Order

U.S. Bank argues that the Court should enter a prefiling order "barring the filing of any future notice of removal of this case without the prior approval of the Court's Chief Magistrate

1  Judge." *See* Motion, ECF No. 14 at 9–11. The All Writs Act, 28 U.S.C. § 1651(a), provides district
2  courts with "the inherent power to enter pre-filing orders against vexatious litigants." *Molski v.*
3  *Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Before imposing a pre-filing order
4  against a vexatious litigant, the Court must: (1) provide the litigant notice and an opportunity to be
5  heard; (2) compile an adequate record for review; (3) make substantive findings as to the frivolous
6  or harassing nature of the litigant's actions; and (4) draft an order "narrowly tailored to closely fit
7  the specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). The
8  Ninth Circuit has indicated that the five factors set forth in *Safir v. United States*, 792 F.2d 19 (2d
9  Cir. 1986) provide a "helpful framework" for applying elements three and four of the *De Long* test.
10 *Molski*, 500 F.3d at 1058. The *Safir* factors are the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

Under the first two elements of the *De Long* test, U.S. Bank argues that (1) its Motion gives Defendant notice and an opportunity to be heard regarding entry of a pre-filing order against him and (2) the evidence submitted with the Motion provides an adequate record for review. *See* Motion, ECF No. 14 at 10. The Court agrees.

For elements three and four of the *De Long* test, U.S. Bank argues that the *Safir* factors support its request. *See id.* at 10–11. Under the first *Safir* factor, U.S. Bank argues that Defendant has abused and continues to abuse this Court's removal jurisdiction. *See id.* at 10. Under the second factor, U.S. Bank argues that Defendant has no chance of success in his third or any later notice of removal and the evidence indicates that he has a dilatory motive. *See id.* at 10. Under the third factor, U.S. Bank argues that Defendant is not represented by counsel. *See id.* at 10. Under the fourth factor, U.S. Bank argues that Defendant has caused needless expense to U.S. Bank, state

7

1  courts, this Court, and the Ninth Circuit through his repeated frivolous removals. *See id.* at 10–11.
2  And under the fifth factor, U.S. Bank argues that no sanctions other than a prefiling order will
3  prevent Defendant from further delay the unlawful detainer proceedings, and such an order would
4  be consistent with prior prefiling orders issued against Defendant in other cases. *See id.* at 11.

5        The Court agrees that the *Safir* factors support U.S. Bank's request for a pre-filing order.
6  Under the first and fourth factors, Defendant has unsuccessfully removed the unlawful detainer
7  action against him twice, in both cases unsuccessfully appealing the remand orders to the Ninth
8  Circuit. The Court finds that this shows Defendant has a history of abusing the Court's removal
9  jurisdiction to vexatious and harassing ends, and that he has caused needless expense to U.S. Bank,
10 state courts, this Court, and the Ninth Circuit. Accordingly, the first and fourth *Safir* factors support
11 U.S. Bank's request. Under the second *Safir* factor, Defendant raises no grounds for removing the
12 unlawful detainer action to federal court other than the ones this Court and Judge Davila have
13 previously rejected, so he has no objective good faith expectation of prevailing. And the fact that
14 Defendant filed a removal notice a day before a scheduled hearing on U.S. Bank's summary
15 judgment motion in the state court litigation and another removal notice a day before trial strongly
16 suggests a dilatory motive for his conduct. *See* Sullivan Decl., ECF No. 14-1 ¶¶ 2–4. Accordingly,
17 the second *Safir* factor supports U.S. Bank's request. Under the third *Safir* factor, Defendant is not
18 represented by counsel, which further supports U.S. Bank's request. And the Court finds that no
19 relief other than a pre-filing order will prevent Defendant from further delaying the unlawful
20 detainer proceedings against him, since multiple remand orders against him have not kept him from
21 repeatedly and baselessly seeking removal. Accordingly, the fifth *Safir* factor supports U.S. Bank's
22 request. With all *Safir* factors in support of U.S. Bank's request, the Court finds that Defendant's
23 repeated removals of U.S. Bank's unlawful detainer action to federal court has been frivolous and
24 harassing, and with minor modifications, the Court GRANTS U.S. Bank's request for a pre-filing
25 order.

26       U.S. Bank seeks a pre-filing order "barring Sepehry-Fard from filing any additional notice
27 of removal in this case without the prior approval of the Court's Chief Magistrate Judge. *See*
28 Motion, ECF No. 14 at 11. The Court notes that the Duty Judge—not the Chief Magistrate Judge—

is the appropriate person to approve of any additional notices of removal. Further, the Court notes that "this case" may be construed to mean the present federal district court action, not the underlying state court action. Accordingly, the Court modifies U.S. Bank's proposed pre-filing order as outlined below.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Fareed Sepehry-Fard© SHALL obtain approval of the Court before filing any case in this Court based on notice of removal in *U.S. Bank National Association, as Trustee, etc. v. Fareed Sepehry-Fard©*, No. 17-CV-314286, filed in the Superior Court of the State of California for Santa Clara County; and

2. this action is REMANDED to Santa Clara County Superior Court.

Dated: February 25, 2022

_____
BETH LABSON FREEMAN
United States District Judge